### 42224. WHITE v. THE STATE.

DEEN, Judge. 1. The defendant was convicted of manslaughter in the commission of an unlawful act under an indictment charging her with murder, death resulting from the performance of an abortion. There was ample evidence, including that of an eyewitness, that the abortion had been performed by the defendant and that as a result of infection following

the surgical procedure the mother had died. Certain requests to charge were refused by the trial court, the requests being directed to the proposition that, under *Code* § 26-1101, if the child was quick at the time of the abortion, the penalty would be that imposed for assault with intent to murder. That such an instruction would be error unless there was in fact evidence that the foetus was so far developed as to have independent life. See *Biegun v. State,* 206 Ga. 618 (7) (58 SE2d 149). None of the evidence in this case would authorize such an inference. One witness said the defendant stated she would not perform the abortion if the girl were over three months pregnant, and that the decedent had stated there was a possibility she was not pregnant at all. A physician who examined her between the time of the abortion and her death stated that in his opinion the pregnancy had been of approximately six weeks duration, and another, who performed the autopsy, testified that "the uterus could not have contained a child of sufficiently advanced intrauterine maturity to kick," and that its size was consistent with, but not diagnostic of, a pregnancy of about two months. There was no other evidence on the subject. The requested instructions were properly refused.

2. Under prior law, involuntary manslaughter in the commission of an unlawful act was not a reducible felony (*Hayes v. State,* 11 Ga. App. 371 (8) (75 SE 523)), and it was again excepted in Ga. L. 1939, pp. 285, 287 (*Code Ann.* § 27-2501) from those felonies which might on recommendation of the jury be reduced to misdemeanors. Ga. L. 1964, pp. 483, 484, providing in Sec. 5, that "Nothing herein shall be construed to preclude either the jury or the judge from reducing the punishment for felonies to misdemeanors as provided by an Act approved March 24, 1939 (Ga. L. 1939, p. 285)" in no way affected the existing law as to what felonies might or might not be reducible. The court correctly refused a request to charge the jury that they might recommend misdemeanor punishment.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

Submitted September 12, 1966—Decided September 29, 1966— Rehearing denied October 10, 1966—

*Aaron Kravitch,* for appellant.

*Andrew J. Ryan, Jr., Solicitor General, Andrew J. Ryan, III,* for appellee.

